UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LJ NEW HAVEN LLC, d/b/a LENNY & JOE'S FISH TALE, Individually and on Behalf of All Others Similarly Situated, | : : : : : | CIVIL NO. 3:20-cv-00751(MPS) |
| Plaintiff | : : | |
| v. | : : : | |
| AMGUARD INSURANCE COMPANY, | : : : | |
| Defendant | : : | |

## MOTION FOR PERMISSION TO APPEAR AS *AMICUS CURIAE* AND TO ARGUE REGARDING THE MEANING OF "PHYSICAL LOSS OR DAMAGE" UNDER AN ALL-RISK INSURANCE POLICY

The undersigned counsel respectfully move the Court to permit them to appear as *amicus curiae* on behalf of Kaiaffa, LLC d/b/a Chip's Family Restaurants (hereinafter "Chip's"), which operates multiple family-style restaurants throughout Connecticut. The undersigned so move for the limited purpose of filing a brief focused on the following issues: (1) Whether the representations made by the defendant concerning Connecticut law regarding "direct physical loss of or damage to" are accurate in this context; (2) whether the defendant is correct in its position that "the law is settled that government orders do not trigger the 'direct physical loss or damage'" requirement in an all-risk policy such as the one at issue in the above-captioned litigation; and (3) whether in reaching a decision on dismissal, the Court should be constrained from deciding on the basis of "direct physical loss or damage" because more limited grounds exist as to the virus

1

exclusion in the event that it is found to apply; the undersigned does not concede that the virus exclusion applies in this circumstance[1]. The undersigned respectfully request two weeks to submit the requested brief on the limited issues set forth.

Counsel for defendant consents to the granting of this motion. In support of this motion, the proposed *amicus* represents as follows:

The issues presented by the defendant's presently pending motion to dismiss touch on the legal rights and interests of countless businesses and individuals in the state of Connecticut. Based on the importance of the issues at stake and the acute interest of Chip's in this litigation, it requests that it be allowed to participate in the subject proceedings as an *amicus curiae*. District courts have broad discretion to grant or deny permission to participate as *amicus curiae*. *Dist. Lodge 26 of the Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Techs. Corp.,* 3:09-CV-1494J, 2009 WL 3571624, at *1 (D. Conn. Oct. 23, 2009) (*citing United States v. Ahmed,* 788 F. Supp. 196, 198 n.1 (S.D.N.Y.1992). In exercising this discretion, courts have considered a variety of factors, including the interest of the movant, the opposition of the parties, the adequacy of representation, and timeliness. *Id; see also Fluor Corp. v. United States,* 35 Fed. Cl. 284, 285 (Fed.Cl.1996).

The proposed *Amicus* is a business operating multiple locations in the state of Connecticut that has suffered substantial damages as a result of the Covid-19 pandemic and resulting government orders. Although not insured by the same insurer, Chip's interest in the resolution of the above-referenced issues is substantial due to similarities in the insurance policy at issue.

Like so many businesses like the plaintiff, Chip's has maintained insurance coverage for its business operations through an "All-Risk" policy. This policy, provided by Twin City Fire

---

[1] In proposing to present limited argument to the Court, the undersigned do not intend to address or argue the merits of class certification as presented by the plaintiff as the putative class representative.

Insurance Company, establishes coverage for all losses suffered by Chip's that is not specifically excluded from coverage. Like the plaintiff in the above-captioned matter, to establish a covered loss under the policy, Chip's needs to establish that it has sustained a "direct physical loss of or physical damage to Covered Property."

Chip's is currently in the process of preparing to file suit against its insurer for a wrongful denial of coverage under its insurance policy. Chip's made a claim for coverage due to an interruption in business caused by the same governmental orders that the plaintiff in the instant case alleges caused its damages. An adverse ruling in this case on the presented questions could have a grave effect on Chip's ability to obtain coverage in a similar action. This is a substantial interest that warrants further consideration through Chip's participation as an *amicus curiae.*

Moreover, as of the filing of this motion, unchallenged misstatements of law have been made that would prejudice Chip's and may not be adequately addressed without Chip's participation. Here, the defendant has raised through its motion to dismiss that the plaintiff cannot establish that it has suffered a "physical loss of or damage to" its property as required under the subject insurance policy. Not only does the defendant argue that the facts of the case cannot establish this element for recovery, but it goes on to argue that it is settled law in the state of Connecticut and across the country that losses caused by governmental orders cannot give rise to the type of "physical loss or damage" required for coverage under "All-Risk" insurance policies. The adoption of this position by the Court would have profound effects on Chip's and other similarly situated businesses and business owners.

In addition to substantially prejudicing Chip's interests in protecting its business and continuing to operate, such ruling would also adopt a misstatement of the law. As would be argued more fully in the proposed brief, the law is far from settled as to whether a governmental order can

ever cause "physical loss or damage" necessary for coverage under an "All-Risk" policy. In support of its position, the defendant cites myriad cases standing for the proposition that in order to make such a showing, there needs to be a "physical, tangible alteration to…property" with the implication that such a showing requires a showing of destruction or tangible damage to the property.

However, Connecticut courts have never directly addressed the issue of whether a governmental order or other act of a civil authority could cause "physical loss of or damage to." And the cases cited by the defense in this case do not compel such a finding. None of the cases cited by the defense addresses the situation where "physical loss of or damage to" is alleged to have been caused by an act of government or a civil order. Moreover, the primary cases cited by the defense in support of its position address situations where a plaintiff sought coverage for something that amounted to a cause rather than a loss (*e.g.* plaintiff claimed damage from chemical reaction in her houses walls rather than the resulting cracking and damage to the walls. *See England v. Amica Mut. Ins. Co.,* 3:16-CV-1951 (MPS), 2017 WL 3996394 (D. Conn. Sept. 11, 2017); *Mazzarella v. Amica Mut. Ins. Co.*, 3:17-CV-598 (SRU), 2018 WL 780217, at *4 (D. Conn. Feb. 8, 2018), *appeal withdrawn*, 18-1269, 2018 WL 3630274 (2d Cir. June 21, 2018), and *aff'd*, 774 Fed. Appx. 14 (2d Cir. 2019). Essentially these cases stand for the proposition that "a direct physical loss or damage to strongly imply that there was an initial satisfactory state that was changed to an unsatisfactory state." *England, supra*, at *8.

Additionally, courts have held in other instances that "physical loss of or damage to" need not be proven by actual tangible destruction or damage of property. *See e.g. Studio 417, Inc. v. The Cincinnati Insurance Company*, 6:20-CV-03127-SRB (W.D. Mo. Aug. 12, 2020) (Holding that

the policy holder need not allege actual, tangible physical alteration of property to plead "direct physical loss of" use caused by the COVID-19 pandemic).

Given that the state of Connecticut has not decided specifically whether actual tangible physical alteration is required in a case stemming from government shutdown orders, detailed consideration is warranted of all related Connecticut precedent as well as precedent from other jurisdictions that have reached the issue first. Granting Chip's the status of *amicus curiae* would assist in elucidating this issue.

Also, in the interest of protecting its interests for future litigation, Chip's seeks to argue in the alternative that should the Court be persuaded that the exclusion argued by the defense controls, that the Court need not reach the issue of whether losses stemming from a government shutdown order constitute "physical loss or damage." In the event that the exclusion applies to preclude coverage, it should be enforced in a narrow ruling rather than a broader ruling as to the meaning of "physical loss of or damage to," as such would not be necessary to reach a result in this case.

In seeking to participate in these proceedings, the undersigned have acted quickly since first learning of the briefing schedule on this dispositional motion. Because of the undersigned's extensive work in this area on behalf of Chip's and other clients, the undersigned seek a brief two-week timeframe in which to complete and submit the requested brief.

WHEREFORE, the undersigned respectfully request that the Court order (1) they be allowed to file appearances on behalf of Chip's and (2) be allowed to file a brief addressing the issues described above.

RESPECTFULLY SUBMITTED,

KAIAFFA, LLC d/b/a CHIP'S FAMILY RESTAURANTS

By: /s/ R. Cornelius Danaher, Jr.
R. Cornelius Danaher, Jr. (ct5350)
Calum B. Anderson (ct07611)
Stuart S. Johnson (ct 20277)
DANAHERLAGNESE, PC
21 Oak Street, Suite 700
Hartford, Connecticut 06106
Telephone: 860-247-3666
Fax: 860-547-1321
Email: ndanaher@danaherlagnese.com
canderson@danaherlagnese.com
sjohnson@danaherlagnese.com

## CERTIFICATION OF SERVICE

I hereby certify that on September 14, 2020, a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Christopher M. Barrett
Izard, Kindall & Raabe, LLP-CT
29 South Main Street, Suite 305
West Hartford, CT 06107

Michael Menapace
Wiggin & Dana -Htfd
20 Church Street
Hartford, CT 06103

By: /s/ R. Cornelius Danaher, Jr.
R. Cornelius Danaher, Jr. (ct5350)
DANAHERLAGNESE, PC
21 Oak Street, Suite 700
Hartford, Connecticut 06106
Telephone: 860-247-3666
Fax: 860-547-1321
Email: ndanaher@danaherlagnese.com